[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, by writ, summons and complaint dated October 16, 1992, commenced this action in six counts against the defendants.
Counts one and two allege breach of contract and bad faith, respectively, on the part of the defendant, Peerless Insurance CT Page 1430-E Company. Counts three and four allege negligence and breach of fiduciary duty, respectively, on the part of the defendant, Lincoln's Insurance Agency, Inc. Count five, sounding in respondeat superior, is brought against both defendants. Count six alleging a CUTPA violation by Peerless was stricken by the court, Walsh, J.
The parties being at issue, this case was tried to the court on the plaintiff's amended complaint dated February 8, 1993.
After a full trial, the parties present and/or represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
The plaintiff is the Administratrix of the estate of Anita Broderson McSparren, one of the individuals claimed to have been insured under a policy of insurance alleged to have been issued by the defendant Peerless Insurance Company (Peerless). The defendant, Lincoln's Insurance Agency, Inc. (Lincoln), is alleged to be the agency through which the policy of insurance was CT Page 1430-F issued.
The credible and relevant evidence presented at trial reasonably supports the following findings of fact.
John McSparren, the husband and agent of the plaintiff's decedent, Anita Broderson McSparren, sought and received from the defendant, Lincoln, a temporary insurance card covering a 1987 Ford Bronco II, and McSparren paid a partial premium of $324.60.
When John McSparren supplied the information to Lincoln for the purpose of completing his application for insurance he failed to disclose that he had two motor vehicle violations on his record. Despite, this, Mr. McSparren signed the application, leaving a blank in the area of the application entitled "Accident/Convictions."
Peerless requires a motor vehicle check before it will issue a policy. Because, upon Lincoln's check, Mr. McSparren's record disclosed two motor vehicle violations, Lincoln never forwarded Mr. McSparren's application to Peerless, nor did Lincoln forward CT Page 1430-G any premium payment to Peerless.
John McSparren was duly notified of the fact that because of his driving record the insurance coverage could not be placed with Peerless. Lincoln notified Mr. McSparren both in person and by mail. Lincoln prepared alternate quotes to which McSparren responded that he felt the quotes were too high and that he would go back to his previous agency. By memorandum, dated May 20, 1991 Lincoln again notified Mr. McSparren that Peerless would not issue coverage because of his motor vehicle record. Said memorandum and a check issued the same day, returning the premium in the amount of $324.60, was mailed by Lincoln to Mr. McSparren.
The temporary insurance card was issued covering Mr. McSparren and the decedent on April 12, 1991 and was expressly limited to a period of 60 days, therefore if not made permanent would, by its own terms expired, on June 11, 1991. However, Lincoln returned the premium and cancelled the card earlier on May 20, 1991.
Unfortunately, the plaintiff's decedent died on July 13, CT Page 1430-H 1991, as a result of injuries received in an automobile accident involving the decedent's vehicle.
The court expressly finds that Lincoln's action were performed with the reasonable skill, care and diligence expected of an insurance agent. The failure of coverage was due to the fact that John McSparren failed to disclose his motor vehicle record of two violations on his application and, that, after being notified that he failed to qualify for coverage, he rejected alternate quotes supplied by Lincoln.
Peerless never issued a policy to McSparren and was under no obligation to do so because of McSparren failure to disclose his motor vehicle convictions on his application.
Accordingly, the court finds the issues for the defendants on all counts of the plaintiff's complaint, and, therefore, judgment is entered for the defendants, with costs on all five counts of the plaintiff's complaint.
SPALLONE CT Page 1430-I STATE TRIAL REFEREE